IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In RE: David Lee Jones,<br><br>    Debtor,<br><br>David Lee Jones,<br>        Movants,<br>   V.<br><br>No Respondents, | Case No. 17-23561 - GLT<br>Chapter 13<br>Document No.<br>Related to Document No. 42 |

**STATUS REPORT**

      Now comes the Debtor David Jones who files the following Status Report concerning his request for VA benefits and confirmation of the Plan and in support thereof avers the following:

    1)    Mr. Jones filed Bankruptcy at the above number and term due to a default in his mortgage payments that occurred due to divorce.

    2)    Mr. Jones is a Honorably discharged Air force Veteran who served during the Vietnam Conflict with the 56th Supply Squadron in the 56 Special Operations Wing at Royal Thai Air Force Base Nakhon Phanom, Thailand.

    3)    In connection with his Bankruptcy filing Mr. Jones also filed for VA benefits and alleged exposure to Agent Orange during his tour of duty in Thailand.

    4)    Specifically, Mr. Jones alleged disability due to ▮▮▮▮, ▮▮▮▮, and ▮▮▮▮ ▮▮▮▮▮▮▮▮ as the result of exposure to Agent Orange.  Mr. Jones also alleged the ▮▮▮▮▮▮▮▮▮▮ was secondary to these conditions.

    5)    All of these conditions are presumptively connected to exposure to Agent Orange and are presumptively compensable under VA regulations without the need to prove causation.

    6)    Thereafter, the local VA inexplicably held; despite recognition and admission by Veterans' Administration via regulation, there was no use of Agent Orange in Thailand.

7) Mr. Jones then requested both his Air Force Records and the Records related to the base and the Air Force at this time admits the use of industrial strength chemical defoliants (Agent Orange), during the period of time Mr. Jones served his tour of duty.

8) Mr. Jones sent the Air Force admission and Mr. Jones's personnel records to the VA and requested an expedited hearing.  Currently Mr. Jones and Counsel are awaiting correspondence from the VA regarding the issues in this hearing and hope the hearing is scheduled within the next sixty to 120 days

9) If Mr. Jones receives his benefits enough money is present in this matter to potentially pay all creditors in full including secured creditors.

10) If Mr. Jones receives his veterans benefits he will be able to loss mitigate his mortgage and potentially save his home.

Respectfully Submitted,

/s/David A. Colecchia, Esquire
David A. Colecchia, Esquire

PA.I.D.No. 71830
David A. Colecchia and Associates
LAW CARE
324 South Maple Ave.
Greensburg, PA 15601
(724)-837-2320
(724)-837-0602
colecchia542@comcast.net