# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                                       :    Case No.:    17-23561-GLT
                                                        :    Chapter:     13

David Lee Jones

                                                        :    Date:        11/6/2019
                         *Debtor(s)*.         :    Time:        11:30

**FILED**

**NOV - 7 2019**

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

## PROCEEDING MEMO

**MATTER:**
   #2 - Show Cause on Debtor Re: Why Case Should Not be Dismissed for Failure to Obtain Confirmation of Plan
      #112 - Answer by Debtor

#94 - Motion for Relief from Automatic Stay by U.S. Bank Trust N.A.
      #107 - CNO Filed
      #108 - Response by Debtor
      [Counsel for Debtor Shall Personally Appear]

**APPEARANCES:**
          Debtor:      David A. Colecchia (Debtor and son is present)
          Trustee:     Kate Disimone
          US Bank:    Allison Carr

**NOTES:** (12:37)

Colecchia: Here's the update. There was a compensation exam, and we're expecting about $150/month, backdated to 2017. There's another examination tomorrow, that will be key, that should bring in $700-850/month. He's making plan payments and his son is making rent payments.

Court: The examinations themselves - were they brought about because of contacts with Congress or just normal examinations?

Colecchia: There are regulations about veterans that served in Thailand - the fact that they gave a CMP exam shows that they changed their opinion about whether they used those chemicals in Thailand. There's now a presumption of exposure.

Court: But you don't know when you'll receive a determination on either of those exams.

Colecchia: The outside is two months.

Court: Mr. Jones thank you for your service. Do you have any questions at this point?

Mr. Jones: No.

Disimone: We don't have an opinion on the motion for relief from stay. Mr. Jones has been making the adequate protection payments and we have no objection to continue.

Carr: Understanding the unique circumstances, the total past due is $4,000. Payments are being made but they're not the full payments, $632 is the full monthly payment and we've received anywhere from around $400 on.

Court: I had been operating under the assumption we were keeping current on the postpetition payments.

Colecchia: My understanding was that the $650 would cover the mortgage, since I'm not getting paid.

Court: What are the distributions that have been made to the mortgage holder?

Disimone: The payments that have been made are - $1,589.57 to Attny Colecchia's office, $600 in trustee fees, and payments to US Bank under Claim 4 of approximately $5,307.50, $4,595.54, and $947.05.

Court: How are these being allocated? Is a portion going to the arrearage?

Disimone: That's usually how things are broken down.

Court: Is there an ability to cover the entire monthly payment of $632?

Colecchia: Calculating the trustee's fee of 4%, there should be.

Court: My rough calculation is that the payment should be $665. Is Attny Colecchia still receiving payments?

Disimone: Those payments were being made as recently as October of this year.

Court: If you represent that you're not accepting anymore payments we can keep it at $650.

Colecchia: Yes, I represent that.

Disimone: Payments to US Bank are listed at $947.05 and $4,595.54 (approximately $5,500).

Court: Here is where the Court is sitting - I was expecting all the ongoing obligations were kept current but that doesn't seem to be the case. I will increase the monthly payment to $665 (with the understanding that Attny Colecchia won't receive any more distributions pending further Court order) and the understanding that the payments would be sufficient to make the mortgage payments going forward.

*OUTCOME:*

1. Show Cause on Debtor Re: Why Case Should Not be Dismissed for Failure to Obtain Confirmation of Plan [Dkt. No. 2] is CONTINUED to February 12, 2020 at 11:00 am.

2. U.S. Bank Trust N.A.'s *Motion for Relief from Automatic Stay* [Dkt. No. 94] is CONTINUED to February 12, 2020 at 11:00 am.

3. On or before January 15, 2020, Debtor shall file a status report. [Text Order to Issue]

4. Beginning in November 2019, the debtor shall remit monthly payments to the chapter 13 trustee of no less than $665/month. Pending further order, the trustee shall suspend distributions to Attorney Colecchia's law firm, and instead ensure that the first available funds for distribution are utilized to satisfy the ongoing mortgage obligation to U.S. Bank of $632/month.

**DATED:** 11/6/2019